IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| BILL BAKER, JANET YEAROUS, and JAMES YEAROUS, Individually and on behalf of BRYAN MICHAEL BAKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. C 04-2041 EJM |
| vs. | ) ) | ORDER |
| G&G LIVING CENTERS, INC., THE IOWA DEPT. OF HUMAN SERVICES, and THE IOWA DEPT. OF EDUCATION, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' appeal of a decision of an Administrative Law Judge. Briefing concluded on November 29, 2005. Affirmed. Remanded for further proceedings in accordance herewith.

Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act (IDEA), 20 USC §1400 et seq., seeking review of an Administrative Law Judge's decision that services funded pursuant to the Medicaid Act, 42 USC §1396-1396v, are exempt from the requirements of the IDEA. The court has jurisdiction pursuant to 28 USC §1331.

Bryan Baker is an entitled child with a disability within the meaning of the IDEA, and was a resident of Clayton County, Iowa at all relevant times. Bill Baker is his father and joint custodian, and Janet Yearous is his mother and joint custodian. James Yearous is the husband of Janet Yearous, and is Bryan's stepfather. Bill Baker, Janet

Yearous and James Yearous all reside in Fayette County, Iowa. G&G Living Centers Inc. (G&G) is a private facility that operates Intermediate Care Facilities for the Mentally Retarded (ICF/MR) within the meaning of the Medicaid Act, 42 USC §1396d(a)(15), including a facility in Clayton County, Iowa, where Bryan was placed. Defendant Iowa Dept. of Human Services (DHS) is the "single state agency" responsible for the administration of Iowa's Medicaid Plan under 42 USC §1396a(a)5. Defendant Iowa Dept. of Education is the "State Educational Agency" for Iowa withing the meaning of the IDEA.

In November of 2000, the Iowa Dept. of Human Services placed Bryan at an ICF/MR operated by G&G. Plaintiffs assert that in the course of a treatment plan to provide Bryan with certain life skills, G&G, funded by Medicaid, provided Bryan with "special education and related services" within the meaning of the IDEA. Plaintiffs urge that G&G then attempted to change the provision of special education to Bryan by terminating services to him without compliance with procedural protections in the IDEA, including the provision of formal written notice as detailed by 20 USC §§1415(b)(3), (b)(4), and (c). Plaintiffs further urge that the Iowa Dept. of Human Services and the Iowa Dept. of Education violated federal regulations implementing the IDEA, including 34 CFR §300.2(c)(1) by failing "to ensur[e] that the rights and protections under Part B of the Act are given to children with disabilities...[r]eferred to or placed in private schools and facilities by that public agency, and 34 CFR §300.401(c)(1) by failing to "ensure that a child with a disability who is placed in or referred to a private school or facility by

2

a public agency...[h]as all the rights of a child with a disability who is served by a public agency."

Following plaintiffs' application for administrative review, an ALJ was appointed by the Iowa Dept. of Education to review the matter. By mutual agreement of the parties, the ALJ bifurcated the proceeding to first address the sole legal question of whether services provided to Bryan by G&G, pursuant to a contract for Medicaid services with the DHS, constituted "special education and related services" within the meaning of the IDEA. In his decision, the ALJ noted that the services provided to Bryan by G&G were provided under Medicaid laws, and that while those services may bear great similarity to components of "special education and related services" provided under an educational program subject to the IDEA, Medicaid and the IDEA are separate federal programs, each with separate and often inconsistent procedures, and each imposing different responsibilities. Accordingly, the ALJ concluded that he had no jurisdiction under the IDEA over Bryan's treatment plan at G&G, as it was a service provided under Medicaid laws.

Plaintiffs seek a declaration that the ALJ had jurisdiction to enforce the provisions of 34 CFR §§300.2(c)(1) and 300.401(c)(1), even with respect to Bryan's treatment plan funded through the Federal Medicaid Act, and plaintiffs seek a remand to enforce those provisions. Plaintiffs further seek reimbursement for attorney fees and expenses in non-IDEA forums, as well as fees in this action.

3

In response, defendant G&G asserts that the case is moot, as Bryan is no longer living at G&G. Defendant DHS urges that the ALJ correctly decided that there was no jurisdiction over the DHS with regard to the Medicaid services provided Bryan at G&G, and alternatively, that the DHS is not subject to the IDEA's abrogation of state sovereign immunity, and therefore it is immune to actions brought pursuant to the IDEA. Defendant Dept. of Education asserts that its only involvement has been the appointment of the ALJ who decided the matter at the administrative level, and that there exists no viable cause of action against the Dept. of Education.

The facts in this matter are not in dispute, and it is undisputed that the court's standard of review of the ALJ's legal conclusions is denovo. Beginning with G&G's claim that the matter is moot, the court is satisfied that the matter is "capable of repetition, yet evading review," as it appears undisputed that due to his age plaintiff continues to be eligible for protections of the IDEA, his needs are such that he will likely be in an ICF/MR for life, and his behaviors are such that he may again be subject to eviction therefrom. Cf. Honig v.Doe, 484 US 305, 318-319 (1988) (case justiciable if actions giving rise to claim are "capable of repetition, yet evading review).

For the reasons thoroughly discussed in the ALJ's decision, including pp. 17-20, it is the court's view that the Medicaid law under which services were provided Bryan is separate and distinct from the IDEA, and that the ALJ properly concluded that jurisdiction is lacking under the IDEA to challenge the treatment plan which was provided

4

Bryan pursuant to Medicaid. Due to the court's disposition of this matter, the remaining defenses need not be addressed.

It appears that plaintiffs may have raised other issues before the ALJ which require further administrative review. Accordingly, while the ALJ's decision shall be affirmed, this matter shall be remanded to the ALJ for the conduct of any appropriate further proceedings.

It is therefore

ORDERED

Affirmed. This matter is remanded to the ALJ for further proceedings in accordance herewith.

March 27, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT